UNITED STATES DISRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Index No.:
INSURANCE COMPANY OF GREATER NEW YORK,

                Plaintiff,                            **COMPLAINT**

   -against-

MT. HAWLEY INSURANCE COMPANY

                Defendant.
-----------------------------------------------------------------X

      Plaintiff, Insurance Company of Greater New York ("GNY"), by and through its attorneys, Gerber Ciano Kelly Brady LLP, seeks a declaratory judgment against Defendant, Mt. Hawley Insurance Company ("Mt. Hawley"), and respectfully alleges the following:

## THE PARTIES

      1.    GNY is an insurance company formed under the laws of the State of New York, has a principal place of business in New York, and is licensed to issue insurance policies within the State of New York.

      2.    Upon information and belief, Mt. Hawley is a corporation duly licensed to transact business in the State of New York with a principal place of business at P.O. Box 3961, Peoria, Illinois 61615, and is licensed to issue insurance policies within the State of New York.

## JURISDICTION AND VENUE

      3.    This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

      4.    Upon information and belief, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

      5.    Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. 1332 in that it is between citizens of different states and amount in controversy exceeds $75,000.00.

6. Venue lies in this Judicial District is proper pursuant to 28 U.S.C. 1391(a)(2) as it is the Judicial District in which the underlying lawsuit is venued in New York State Supreme Court, County of Queens.

## THE UNDERLYING ACTION

7. This lawsuit relates to a civil lawsuit against Jose Luis Martinez, M2 Contracting Corporation, and 90 Riverside Driver Corporation, in the matter captioned *Jose Luis Martinez v. M2 Contracting Corp. and 90 Riverside Drive Corp.*, Index No. 713792/2016, pending in the Supreme Court for the State of New York, County of Queens (the "Underlying Lawsuit").

8. Jose Luis Martinez (the "Underlying Plaintiff" or "Martinez") claims in the Underlying Lawsuit that he was injured when he fell from a height/ladder on October 16, 2016, when he was lawfully on the premises of 17 Penthouse East, within the co-op building located at 90 Riverside Drive, in the County, City and State of New York. (the "Premises").

9. Martinez alleges in the Underlying Lawsuit that 90 Riverside Drive Corp., ("90 Riverside") was the owner of the Premises upon which Martinez was injured.

10. Martinez alleges, among other things, that 90 Riverside owned, managed, maintained, controlled, and operated the Premises.

11. Martinez alleges in the Underlying lawsuit that M2 Contracting Corp., ("M2") entered into an agreement to perform certain work, labor, and/or services at the Premises.

12. Martinez alleges, among other things, that M2 was the general contractor and/or project manager, performing certain work, labor and/or services at the Premises and supervised and controlled all of the work and/or services performed in and about the Premises.

13. Martinez claims that the injuries and damages were as a result of height-related risks and failure to provide adequate protection against the hazards of falling.

14. Martinez alleges that the injuries and damages he suffered resulted from the careless and negligent manner in which M2 and 90 Riverside owned, maintained, controlled and performed construction work on the Premises.

15. Martinez further alleges that the defendants failed to provide him with a safe place to work, and that the defendants violated §§200, 240(1), and 241(6) of the New York Labor Law and the Industrial Code of the City and State of New York.

16. Defendant in the Underlying Lawsuit, M2, filed a cross-claim against 90 Riverside, alleging claims of negligence and breach of contract, seeking indemnification and contribution.

17. In the Underlying Lawsuit, on December 31, 2019, the Court issued a ruling on a motion for summary judgment, finding that M2 was required by the underlying contracts to contractually indemnify 90 Riverside.

## THE RELEVANT CONTRACTS

18. On or about November 5, 2015, shareholders of 90 Riverside, entered into contract with 90 Riverside as Owner, and M2, as Contractor, entered into a Letter of Intent Agreement for the commencement of initial portions of construction work at the Premises, prior to the finalizing of the executing of the construction contract between the parties (the "Contract").

19. The Contract pertains to the planning, design and construction of certain alterations to the Owner's residential apartment unit PH B, at 90 Riverside Drive, New York, New York.

20. Pursuant to the Contract, M2 agrees that:

In connection with the execution of this LOI, Contractor has furnished an insurance certificate identifying its coverages and limits (Attachment "2"), which are accepted by Owner. Contractor agrees to modify such coverages and limits if later required by 90 Riverside Corporation or Owner. Additionally, Contractor shall modify the following and provide a revised certificate of insurance before the commencement of any Work:
   (i)   Additional Insureds:
        90 Riverside Corp.—90 Riverside Drive, New York, NY 10024; Argo Real Estate LLC – 50 W. 17th Street, New York, NY 10011; Gil Forer – 90 Riverside Drive (PH B), New York, NY 10024; Cara Eisen – 90

3

        Riverside Drive (PH B), New York, NY 10024; Baxt Ingui Architects, P.C. – 20 Vessey St., #900, New York, NY 10007; and the directors, employees, agents, and successors and assigns of each of them.

21. Under the Contract, M2 agrees that:

Indemnification.
    a. In consideration of the LOI, and to the fullest extent permitted by law, the Contractor shall defend, and shall indemnify and hold harmless, at Contractor's sole expense, the Owner, 90 Riverside Corp., Argo Real Estate LLC, the Architect, and the consultants and agents and employees of any of them (the "Indemnified Parties") from and against all liability, or claimed liability, damages, losses, demands, causes of action, costs, disbursements, and attorneys' fees and related cots (including but not limited to attorneys' fees in connection with any appeals, enforcement of judgment and claim for attorney's fees, and further without limitation, also including court costs, expert witness fees and expenses and any resulting settlement, judgment or award) for
        (i) bodily injury, sickness, disease or death, or
        (ii) injury or damage to or destruction of tangible property (other than Contractor's own Work), or
        (iii) economic damage,
arising out of or resulting from the Work covered by this LOI to the extent such Work was performed by or contracted through the Contractor or by anyone for whose acts the Contractor may be held liable, excluding only liability created by the sole and exclusive negligence of the Indemnified Parties. It is further understood that in the event that a court of competent jurisdiction determines that any of the indemnification obligations hereunder are unenforceable in whole or in part, Contractor's obligation to indemnify shall be replaced with the strictest enforceable indemnification provision allowable by such laws.
    b. In claims against any person or entity indemnified under Section IO(a) by an employee of the Contractor, a Subcontractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, the indemnification obligation under Section IO(a) shall not be limited by a limitation on amount or type of damages, compensation or benefits payable by or for the Contractor or a Subcontractor under workers' compensation acts, disability benefit acts or other employee benefit acts.
    c. This indemnity agreement shall survive the completion or termination of this LOI.

22. Under the Contract, M2 agreed to procure commercial general liability insurance and excess liability insurance in connection with M2 planning, design, construction and certain alterations to the Premises. M2 was required to add 90 Riverside as an additional insured on its policies, including the Mount Hawley Policy.

23. In the Underlying Lawsuit, on December 31, 2019, the Court issued a ruling on a motion for summary judgment, finding that M2 was required by the underlying contracts in this matter, to contractually indemnify 90 Riverside in relation to the Underlying Lawsuit.

24. GNY issued policy 6131A00000 to Argo Real Estate Corp., with effective dates from September 30, 2015 until cancelled (the "GNY Policy").

25. 90 Riverside is a named insured under the GNY Policy.

26. The date of October 16, 2016 falls within the policy period of the GNY Policy.

27. GNY is providing defense coverage to 90 Riverside in connection with the Underlying Lawsuit under the terms of the GNY Policy.

## THE PRIMARY AND EXCESS INSURANCE POLICIES

28. Upon information and belief, Southwest Marine and General Insurance Company ("Southwest Marine") issued a primary commercial general liability policy to M2 for the relevant period ("Southwest Marine Policy").

29. The Southwest Marine Policy contained liability insurance with limits of $1,000,000 each occurrence, $2,000,000 general in the aggregate for bodily injury and property damage.

30. Upon information and belief, the Southwest Marine Policy includes an endorsement naming 90 Riverside as an additional insured.

31. Upon information and belief, Mt. Hawley Insurance Company issued an excess liability policy to M2 Contracting Corp. ("M2") as the named insured, under policy number MXL0423016, for the period from of February 21, 2016 to February 21, 2017 (the "Mt. Hawley Policy").

32. The Mt. Hawley Policy contained liability insurance with limits of $5,000,000 each occurrence, $5,000,000 general aggregate for bodily injury and property damage.

33. Upon information and belief, the Mt. Hawley Policy provides coverage for an "ultimate net loss" in excess of the limits of underlying insurance, including the Southwest Marine Policy.

34. Upon information and belief, the Mt. Hawley Policy follows the underlying insurance in all respects.

35. Upon information and belief, the Mt. Hawley Policy provides coverage for the same occurrence, subject to exhaustion of Southwest Marine Policy.

### THE TENDER AND DISCLAIMER

36. On or about January 18, 2017, 90 Riverside tendered defense and indemnification to Southwest Marine.

37. On or about January 24, 2017, 90 Riverside tendered defense and indemnification to Mt. Hawley.

38. Mt. Hawley disclaimed coverage in a letter dated February 15, 2017, asserting, among other things, that coverage was not triggered.

39. Mt. Hawley has not provided a defense or indemnification to 90 Riverside or reimbursed GNY.

### AS AND FOR A FIRST CAUSE OF ACTION
### (DECLARATORY JUDGMENT - DUTY TO DEFEND AND INDEMNIFY SUBJECT TO EXHAUSTION)

40. GNY repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein again at length.

41. Upon information and belief, on or about October 16, 2016, the Mt. Hawley Policy was in full force and effect to provide excess liability insurance for injuries and damages caused by the negligence of M2, including to the additional insured 90 Riverside.

6

42. 90 Riverside qualifies as an additional insured under both the primary policy issued by Southwest Marine and the excess policy issued by Mt. Hawley to M2 in connection with the Underlying Action.

43. GNY is currently providing 90 Riverside with a defense in the Underlying Action.

44. The Southwest Marine Policy provides primary coverage to 90 Riverside as an additional insured, including defense and indemnity.

45. The Mt. Hawley policy is an excess policy, which, upon information and belief, includes provisions stating that its obligations apply after exhaustion of the underlying policy and follow the form of the Southwest Marine Policy.

46. Upon information and belief, 90 Riverside is entitled to indemnity coverage under the Mt. Hawley policy for any liability in the underlying action, subject to exhaustion of the Southwest Marine Policy.

47. Mt. Hawley has failed and refused to acknowledge its obligations to 90 Riverside, including its duty to indemnify, under the terms of its policy.

48. GNY, as 90 Riverside's insurer and subrogee, has no adequate remedy at law and is entitled to a declaration that Mt. Hawley must indemnify 90 Riverside for any liability in the Underlying Action, subject to exhaustion of the Southwest Marine Policy, and that Mt. Hawley must defend 90 Riverside if and when its policy obligations are triggered.

## AS AND FOR A SECOND CAUSE OF ACTION
## (BREACH OF CONTRACT)

49. GNY repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein again at length.

50. Mt. Hawley's failure and refusal to acknowledge coverage or reimburse defense and/or indemnity costs for 90 Riverside constitutes a breach of its contractual obligations under the Mt. Hawley excess policy.

51. As 90 Riverside's subrogee, GNY has paid and will continue to pay defense costs and potentially indemnity amounts that Mt. Hawley is contractually obligated to reimburse, subject to exhaustion of the Southwest Marine Policy.

52. Mt. Hawley's failure to reimburse these costs, or to otherwise perform its obligations under the policy, has damaged GNY in an amount to be proven at trial.

53. GNY is therefore entitled to judgment for damages arising from Mt. Hawley's breach of its obligations to 90 Riverside as an additional insured.

**WHEREFORE**, Plaintiff Insurance Company of Greater New York demands a judgment against the Defendant Mt. Hawley Insurance Company as follows:

1. Declaring that 90 Riverside is an additional insured under the Mt. Hawley Policy;

2. Declaring that Mt. Hawley is obligated to defend and indemnify 90 Riverside in the Underlying Action, subject to exhaustion of the Southwest Marine Policy;

3. Awarding GNY damages for breach of contract, in an amount to be proven at trial;

4. Awarding GNY the costs and disbursements of this action; and

5. Granting such other and further relief as the Court deems just and proper.

Dated: January 26, 2026

By: _____
Richard Zielinski, Esq.
PO Box 1060
Buffalo, NY 14201
716-306-6593
rzielinski@gerberciano.com

**Mailing Address**
PO Box 1060
Buffalo, NY 14201

8